UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DANIEL R. GOLDEN and CINDY L. GOLDEN, Husband and Wife, | ) ) ) | NO. CV-04-5076-LRS |
| Plaintiffs, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| -vs- | ) ) | RE: DAMAGES |
| CH2M HILL HANFORD GROUP, INC., | ) ) ) | |
| Defendant. | ) ) | |

BEFORE THE COURT are Defendant's Motion for Summary Judgment re: Damages (Ct. Rec. 20) and Defendant's Motion for Summary Judgment re: Worker's Compensation (Ct. Rec. 21). On July 14, 2005, the Court held a hearing, heard argument, and delivered an oral ruling on the pending motions. This Order is entered to memorialize and supplement the Court's oral ruling. For the reasons stated herein and on the record on July 27, 2005, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment re: Worker's Compensation (Ct. Rec. 21) is **DENIED** because genuine issues of material fact exist as to whether CH2M Hill had exclusive control over Golden's activities in the Tank Farm and whether Golden impliedly consented to CH2M Hill as an employer. Accordingly, CH2M Hill is not entitled to judgment based upon their industrial insurance immunity defense.

2. Defendant's Motion for Summary Judgment Re: Damages (Ct. Rec. 20)

ORDER - 1

is **GRANTED**. Both plaintiffs' and defendant's requests to strike evidence were denied and the Court considered all of the evidence of record. The Court's oral ruling is summarized and supplemented herein.

Plaintiffs have failed to make a sufficient showing to establish the existence of causation, an essential element of this case. Plaintiffs would have the burden at trial of demonstrating both general and specific causation. *See In re Hanford*, 292 F.3d 1124, 1133 (9th Cir. 2002). That is to say, plaintiffs would have to prove that the contaminants Golden was exposed to increase the possibility or are capable of causing Golden's ailments (or exacerbation of ailments) and that Golden's ailments were on a more probable than not basis caused in part or in whole by the May 20, 2002 exposure at the Hanford Tank Farm.

Plaintiffs have failed to come forward with sufficient evidence to create a genuine issue of fact on either causation prong. The Court notes it does not view the lack of epidemiological evidence as fatal to the plaintiffs' case, as there are certainly other means of proving generic causation. *In re Berg Litig.*, 293 F.3d 1127, 1130 (9th Cir.2002). Fatal to plaintiffs' case is the lack of expert testimony demonstrating the contaminants involved are capable of causing the specific ailments *from which Golden suffers*. Plaintiffs' expert and treating physician, Dr. Wilkinson, did state in his declaration that "the materials [Golden] was exposed to, including heavy metals, are capable of producing the symptoms and illnesses he showed." However, plaintiffs have provided no foundation for this expert's claimed knowledge of the connection between the contaminants and the various ailments suffered by Golden. Indeed there is no analysis to support the proffered conclusion.

ORDER - 2

During his deposition, Dr. Wilkinson in fact stated he had not looked at whether a specific chemical caused any specific health condition for Golden. He also indicated he had not performed any independent research into Golden's case and that he did not even recall any specific data on the composition of the waste involved in the exposure.

Similarly, the plaintiffs' expert evidence on specific causation is insufficient. The Court understands that a reliable differential diagnosis may provide the proper foundation for a causation opinion., even in the absence of the quantification of chemical exposure   *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1060 (9th Cir. 2003); *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 263-64 (4th Cir. 1999). However, differential diagnosis assumes that general causation has been proven for the list of possible causes it eliminates, which has not occurred here. *Hall v. Baxter Healthcare Corp.*, 947 F.Supp. 1387, 1413 (D.Or. 1996). Furthermore, Dr. Wilkinson's testimony does not even provide a differential diagnosis due to the fact he does not rule out other potential causes and conclude that the May 20, 2002 exposure was the most likely cause of Mr. Golden's ailments, the majority of which were pre-existing.

Finally, the medical evidence does demonstrate that the stress of the May 20, 2002 incident caused Golden to have an increased level of anxiety, which could have exacerbated several of his ailments, including irritable bowel syndrome. However, the Price-Anderson Act's bodily injury jurisdictional requirement does not permit recovery for emotional distress, or physical manifestations of emotional and mental distress. *See In re Berg*, 293 F.3d 1127 (9th cir. 2002); *Carey v. United Airlines*,

ORDER - 3

255 F.3d 1044, 1047 (9th Cir. 2001). Furthermore there is no reasonable evidence upon which to conclude that Mr. Golden's exposure more probably than not will lead to a future illness. Lastly, Mrs. Golden's loss of consortium claim is dependent for its viability upon the personal injury claims of Mr. Golden, thus it must also be dismissed.

Although the Court must make all reasonable inferences in favor of non-moving party for purposes of summary judgment, "mere speculation, intuition or guessing" does not constitute a valid inference and is insufficient to allow the non-moving party to survive summary judgment. *Poppell v. City of San Diego*, 149 F.3d 951, 954 (9th Cir.1998). Plaintiffs have failed to present sufficient evidence to allow a reasonable trier of fact to find that plaintiffs injuries were caused by the exposure incident occurring on May 20, 2002.

Accordingly, **JUDGMENT** shall be entered in favor of the defendant.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT** in favor of the defendant, provide copies to counsel, and close the file.

**DATED** this __29th___ day of July, 2005.

*s/ Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4