UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL R. GOLDEN and CINDY R. GOLDEN, husband and wife,

　　　　　Plaintiffs,

v.

CH2M HILL HANFORD GROUP, INC.,

　　　　　Defendant.

No. CV-04-5076-LRS

**ORDER OF REMAND**

In an order filed July 15, 2008 (Ct. Rec. 73), this court directed the parties to show cause why this court should refrain from exercising supplemental jurisdiction over remaining pendent state law claims and dismiss the same without prejudice to their reassertion in state court. 28 U.S.C. Section 1367(c)(3)(district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction have been dismissed). The parties filed respective show cause responses (Ct. Rec. 74 and 75) and telephonic argument was heard on August 26, 2008. William Rutzick, Esq., argued on behalf of Plaintiffs. Mary Rose Alexander, Esq., argued on behalf of Defendant.

In an opinion filed June 11, 2008, the Ninth Circuit Court of Appeals found this court had properly granted summary judgment to Defendant on Plaintiff's claims for physical injury and emotional distress based on exposure to radioactive

**ORDER OF REMAND-**　　　　　**1**

materials. *Golden v. CH2M Hill Hanford Group, Inc.*, 528 F.3d 681, 683-84 (9th Cir. 2008). The circuit also found, however, that it was "possible that Golden suffered emotional distress from exposure to nonradioactive materials that is separate and distinct from his emotional distress claim for exposure to the radioactive materials." *Id*. at 684. State law claims for such emotional distress are not pre-empted by the Price-Anderson Act even though Golden could not show that he suffered physical injuries as a result of his exposure. *Id*. According to the circuit:

> It is possible that claims of emotional distress for exposure to radioactive materials are simply not separable from other harms. . . . If Golden can only show emotional distress arising out of a general fear for his future health that is intertwined with his exposure to radioactive materials, the Price-Anderson Act will apply **and his emotional distress claim for exposure to nonradioactive materials will be preempted**. [Citations omitted]. But Golden may be able to make out a case that he suffers separate and distinct fears arising from his exposure to nonradioactive heavy metals. **If so, that claim is not preempted, and Golden may be able to prove his claim under state law**. Likewise, Mrs. Golden may be able to prove her **loss of consortium claim under state law**, if she can show loss of consortium resulting from Golden's emotional distress that was caused by his exposure to nonradioactive materials. We therefore vacate the district court's order dismissing **Golden's emotional distress claim resulting from exposure to nonradioactive materials and Mrs. Golden's loss of consortium claim**, and remand for the district court to determine whether it wishes to exercise supplemental jurisdiction over any such claim, now that the federal claims have been dismissed.

*Id*. (emphasis added).

Defendant contends this court "should retain jurisdiction over this action and dismiss it with prejudice." According to Defendant, Plaintiffs have not pled a separate and distinct claim for emotional distress arising from exposure solely to nonradioactive materials. It is apparent, however, that the Ninth Circuit Court of Appeals treated Plaintiffs' complaint as potentially pleading a state law emotional distress claim based on exposure only to nonradioactive materials. Otherwise, the circuit would not have asked this court to consider whether it would exercise

**ORDER OF REMAND-        2**

supplemental jurisdiction over such a claim.[1]  Whether Plaintiffs have **adequately** pled such a claim is another matter, as is whether Mr. Golden can ultimately prove he suffered a separate and distinct fear for his health arising from exposure to nonradioactive heavy metals.

Plaintiffs contend this court should either retain jurisdiction or remand the state law claims to Benton County Superior Court from whence this action was removed in June 2004. Plaintiffs assert remand would be appropriate as opposed to dismissal without prejudice because "a dismissal without prejudice now would likely lead to a statute of limitations defense when the case is refiled in state court following such dismissal without prejudice." According to Plaintiffs, the three-year statute of limitation expired in May 2005. Plaintiffs, however, fail to note that 28 U.S.C. Section 1367(d) tolls the limitations period for pendent state law claims during their pendency in federal court and for a period of 30 days after they are dismissed, unless State law provides for a longer tolling period.

In any event, remand is certainly an option in this instance since the action was removed from Benton County Superior Court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614 (1988). In determining whether to remand, the court considers the values of economy, convenience, fairness and comity. *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining

---

[1] Defendant says that following the Ninth Circuit's decision, "Golden's only remaining cause of action is a federal claim for emotional distress, the dismissal of which the Ninth Circuit has affirmed." This is not a remaining cause of action since, as Defendant observes, the Ninth Circuit found "summary judgment was proper as to his emotional distress claim for exposure to radioactive materials" because under the federal Price-Anderson Act, such exposure must cause physical injury. *Golden*, 528 F.3d at 683-84.

**ORDER OF REMAND-           3**

state-law claims." *Id*.

This court recognizes that the captioned action has been pending in federal court for a significant period of time. Discovery was conducted and there were summary judgment proceedings. The discovery and the summary judgment proceedings, however, did not focus on the issue identified by the circuit: whether Mr. Golden can make out a case that he suffers separate and distinct fears arising from his exposure to nonradioactive heavy metals and whether Mrs. Golden can show loss of consortium resulting from Mr. Golden's emotional distress that was caused by his exposure to nonradioactive materials. Plaintiffs acknowledge there has been considerable discovery, but assert it likely that additional discovery will be required.

Having considered all of the relevant factors, pursuant to 28 U.S.C. Section 1367(c), this court declines to exercise supplemental jurisdiction over remaining pendent state law claims for emotional distress and loss of consortium based on Mr. Golden's exposure to nonradioactive materials, and hereby **REMANDS** this action to the Benton County Superior Court (Cause No. 04-2-01154-7) for consideration and determination of those claims.[2] It will be for the Benton County Superior Court to determine whether Plaintiffs have **adequately** pled state law claims based on Mr. Golden's exposure to nonradioactive materials and beyond that, if necessary, whether additional discovery is warranted and whether Mr.

---

[2] The Ninth Circuit Court of Appeals remanded this matter to this court for the sole and express purpose of having this court determine whether it would exercise supplemental jurisdiction under 28 U.S.C. Section 1367(c)(3) "now that the federal claims have been dismissed." 528 F.3d at 684. The court of appeals did not tell this court that there was still 28 U.S.C. Section 1331 federal question jurisdiction under any particular theory (federal enclave, federal officer, etc.). The court of appeals' mandate issued on July 3, 2008 (Ct. Rec. 72), incorporating its June 11, 2008 opinion, constitutes the "law of the case" and is binding on this lower court.

**ORDER OF REMAND-** 4

Golden can ultimately prove he suffered a separate and distinct fear for his health arising from exposure to nonradioactive heavy metals.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies of it to counsel of record. A certified copy of this order shall be sent to the Clerk of the Court for Benton County.

**DATED** this __27th__ day of August, 2008.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

**ORDER OF REMAND-** 5